UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERIC SHIDLER, on behalf of Himself and all others similarly situated, | § § § | C.A. No. 7:12-CV-6 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| ALARM SECURITY GROUP, LLC, | § § § | |
| Defendant. | § | COLLECTIVE ACTION |

**ALARM SECURITY GROUP, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS FOR POTENTIAL OPT-IN PLAINTIFFS**

Now comes Defendant Alarm Security Group, LLC ("ASG" or "Defendant"), by and through counsel, and hereby files its Response to Plaintiff Eric Shidler's ("Plaintiff's") Motion for Equitable Tolling of the Statute of Limitations for Potential Opt-In Plaintiffs ("Plaintiffs' Motion").

**I.
INTRODUCTION**

1.  There is clear precedent in the Southern District of Texas deeming equitable tolling inappropriate for normal litigation delays in cases under the FLSA because potential plaintiffs still have the opportunity to file their own suit. Plaintiffs cite no Southern District of Texas authority that allows for equitable tolling for normal litigation delays. Therefore, Plaintiffs are not entitled to equitable tolling and Plaintiffs' Motion should be denied.

**II.
BACKGROUND**

2.  This is an overtime collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA"). On May 14, 2012, the parties submitted to the Court an agreed motion for certification and issuance of notice to potential opt-in plaintiffs. The Court

1

has yet to approve the agreed notice. On October 24, 2012, Plaintiffs filed a Motion for Equitable Tolling of the Statute of Limitations for Potential Opt-In Plaintiffs ("Plaintiffs' Motion"). This Motion urges the Court to order equitable tolling due to the delay between submission of the joint notice and the Court's approval of the notice. This Court should deny Plaintiffs' Motion because Plaintiffs have failed to prove (1) that normal litigation delays warrant equitable tolling, and (2) that ASG has acted deceptively or wrongfully.

## III.
### ARGUMENT & AUTHORITIES

3. This Court should not apply the doctrine of equitable tolling to extend the limitations period in this case. Equitable tolling applies only in "rare and exceptional circumstances" when "a plaintiff diligently pursues his or her rights." *Muhammad v. GBJ, Inc.*, 2001 WL 864785, *2 (S.D. Tex. 2011). "The plaintiff seeking to benefit from equitable tolling has the burden to demonstrate why his case should be exempt from the standard FLSA statute of limitations by showing that he diligently pursued his rights yet was unable to recover needed information to support his claim." *Switzer v. Wachovia Corp.*, 2012 WL 1231743, *2 (S.D. Tex. 2012). Plaintiffs have failed to meet their burden to show "rare and exceptional circumstances" in the present case, and therefore Plaintiffs' Motion should be denied.

A.   **Equitable Tolling is Inappropriate for Normal Delays in Litigation.**

4. Many courts, including those in the Southern District of Texas, have determined that "in the average case in which the delay is attributable to the normal litigation process . . . equitable tolling is not appropriate." *Titchenell v. Apria Healthcare, Inc.*, 2012 WL 3731341, *7 (E.D. Pa. 2012) (citing to *Muhammad v. GBJ, Inc.*, 2001 WL 864785, *2 (S.D. Tex. 2011) ("declining to apply tolling due to 'the need for limited discovery to determine whether certification is appropriate' because such a need 'is present in many FLSA actions.'"); *see also*

*Quintanilla v. A & R Demolition, Inc.*, 2006 WL 1663739, *1 (S.D. Tex. 2006) (declining to apply tolling for the period of time when the court considered plaintiff's motion for class certification); *Hintergerger v. Catholic Health System*, 2009 WL 3464134, *15 (W.D.N.Y. 2009) (holding that the eleven (11) months the court used "for consideration of the conditional certification and related motions [was] reflective of an increasing caseload in [the] District and [did] not constitute an extraordinary circumstance for tolling purposes.").

5. Equitable tolling is less proper under the FLSA because plaintiffs are still able to pursue their claims outside the class action. Therefore, courts have refused to extend equitable tolling to normal litigation delays under the FLSA due to the nature of the opt-in process. Equitable tolling is more difficult to establish under the FLSA than under Rule 23 of the Federal Rules of Civil Procedure because the reason for applying equity under Rule 23 is not present in FLSA actions. *Muhammad*, 2001 WL 864785 at *2. Specifically, "there is a fundamental irreconcilable difference between the class action described in Rule 23 and that provided for by [the] FLSA" because under Rule 23, plaintiffs must opt-out of the proceeding. However under the FLSA, "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written consent." *Id.* at *1. Consequently, unlike under Rule 23, each potential plaintiff in a class action under the FLSA "has the right to be present in court to advance his or her own claim." *Id.* at *2. Therefore, each potential opt-in plaintiff can pursue his own claim regardless of the pending action.

6. This is further exemplified by Congress' "specific legislative intent that ordinary FLSA opt-in plaintiffs not have their filing dates related back to the date of the original complaint for statute of limitations purposes." *Id.* Notably, "Congress did not provide for tolling

while a court considers whether to certify a case as a collective action under the FLSA. Rather, Congress 'expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint.'" *Id.* (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1006-07 (11th Cir. 1996)); *see also Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 184 (M.D. Pa. 2008) ("the delay notifying prospective plaintiffs that might be engendered by [defendant's] motion is not an extraordinary circumstance that warrants equitable tolling. Congress knew when it enacted 29 U.S.C § 256 that time would lapse between the filing of the collective action compliant by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period.").

7. Plaintiffs, however, mistakenly rely on a Second Circuit case that, after applying a six-point test, permitted equitable tolling for reasons in addition to resulting litigation delays. *See Yahraes v. Restaurant Associates Events Corp.*, 2011 WL 844963 (E.D.N.Y. 2011). Notably, the *Yahraes* court heavily relied on a case where the defendant wrongfully "induced Plaintiffs into reasonably believing that they could and should wait until they received notice of their eligibility before they inquired about and potentially pursued their legal FLSA rights." *Id.* at *3 (quoting *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822 (S.D. Ohio, 2007)). While Plaintiffs urge this Court to consider *Yahraes*, this Court is bound by the decisions in *Muhammad* and *Quintanilla*, and therefore, *Yahraes* is irrelevant to the current case.

8. Under *Muhammad* and *Quintanilla*, normal litigation delays, as presented here, do not warrant the requisite "rare and extraordinary" circumstances for equitable tolling. *See* 2001 WL 864785 at *2; 2006 WL 1663739 at*1. Plaintiffs simply protest the nature of the FLSA and litigation process, one which Congress specifically designed in passing the FLSA. Furthermore,

ASG has already aided Plaintiffs in a swifter certification process through an agreed motion, and therefore, Plaintiffs have failed to show how this five (5) month litigation delay has negatively impacted Plaintiffs. Equitable tolling is not warranted under these facts, and therefore Plaintiffs' Motion should be denied.

**B.    ASG Has Not Acted Wrongfully and Has Continually Cooperated with Plaintiffs.**

9.    The doctrine of equitable tolling "applies principally when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Quintanilla v. A & R Demolition, Inc.*, 2006 WL 1663739, *1 (S.D. Tex. 2006) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). Courts, therefore "must be cautious about equitably tolling the FLSA limitation period especially where, as here, there are no allegations of wrongdoing on the part of the defendant." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 184 (M.D. Penn. 2008).

10.   ASG has neither acted deceptively nor wrongfully. In fact, ASG has continually cooperated with Plaintiffs in expediting the litigation process through the agreed certification and issuance of notice. By ordering equitable tolling, this Court would be giving Plaintiff an even further extension on the statute of limitations, prejudicing ASG and punishing ASG for said cooperation. While Plaintiffs request a dual extension of the statute of limitations from both ASG and this Court, it would be improper for the Court to permit equitable tolling. Therefore, because Plaintiffs have failed to show that ASG acted wrongfully or that these normal litigation delays are "rare and extraordinary circumstances," this Court should deny Plaintiffs' Motion.

### IV.
### REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, Alarm Security Group, LLC, respectfully requests that the Court deny Eric Shidler's Motion for Equitable Tolling of the

Statue of Limitations for Potential Opt-In Plaintiffs, and grant such other and further relief, either at law or in equity, general or special, to which Defendant may be entitled.

Respectfully submitted,

**/s/ Rachel Powitzky Steely**
Rachel Powitzky Steely
rsteely@gardere.com
Texas State Bar No.: 00792770
S.D. Tex. No.: 19170
*Attorney-in-Charge for Defendant*

OF COUNSEL:

Laura J. Goodson
lgoodson@gardere.com
Texas State Bar No. 24045959
S.D. Tex. No.: 582592

**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone:    713-276-5500
Facsimile:    713-276-5555

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing was served on all parties of record on November 13, 2012, via the Court's electronic filing system and via express mail as follows:

Mr. Michael K. Burke
mburke@guerramask.com
Mr. Jody R. Mask, Esq.
jody@guerramask.com
GUERRA MASK LLP
3900 N. 10th Street, Suite 850
McAllen, Texas 78501

/s/  Rachel Powitzky Steely