UNITED STATES DISTRICT COURT       O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERIC SHIDLER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:12-CV-6 |
| | § | |
| ALARM SECURITY GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Pending before the Court is the self-styled "Notice to Court of Joint Submission of Agreed Notice for Court Approval"[1] ("Agreed Notice"), as well as the "Motion for Equitable Tolling of the Statute of Limitations for Potential Opt-In Plaintiffs"[2] ("Motion for Equitable Tolling") filed by Plaintiff Eric Shidler ("Shidler"). After reviewing the notice, motion, response and relevant authorities, the Court **CONDITIONALLY CERTIFIES** the proposed class and **GRANTS** the motion for equitable tolling.

## I. Background

On January 6, 2012, Plaintiff Eric Shidler ("Shidler") filed a complaint alleging insufficient overtime payment by Alarm Security Group, LLC, ("ASG") in violation of the Fair Labor Standards Act ("FLSA").[3] On February 3, 2012, ASG filed an answer denying Shidler's allegations.[4] On April 13, 2012, Shidler filed a motion to conditionally certify the action as a collective action and, on May 14, 2012, the parties jointly submitted the agreed notice for the

---

[1] Dkt. No. 12.
[2] Dkt. No. 20.
[3] Dkt. No. 1.
[4] Dkt. No. 6.

Court's approval.[5] On July 11, 2012, the Court ordered Defendants to clarify the membership of ASG for the purpose of ascertaining the parties before the Court and the propriety of the Court's adjudication of this matter.[6] However, after the responsive filing by ASG was inadequate to provide the necessary clarity, the Court subsequently ordered further clarification on August 11, 2012.[7] Finally, after the Court established the membership of ASG, Schidler moved for equitable tolling of the statute of limitations for potential opt-in plaintiffs, to which ASG has responded.[8] The Court, having reviewed the filings, assured itself of both the parties before it and the propriety of its adjudication of this matter, now considers both the agreed notice and the motion for equitable tolling.

## II.   Conditional Certification

The Fair Labor Standards Act ("FLSA") creates a cause of action against employers who fail to pay adequate overtime compensation, and allows for that action to be brought collectively on "behalf of [an employee] . . . and other employees similarly situated."[9] Other employees only become a part of a collective action under § 216(b) by affirmatively opting in to the class; the Fifth Circuit has recognized this as a "fundamental, irreconcilable difference" from the traditional class action under Federal Rule of Civil Procedure 23(b), under which similarly-situated plaintiffs are automatically included as members of the class unless they affirmatively opt out of the action.[10]

---

[5] Dkt. Nos. 10 & 12.
[6] Dkt. No. 13.
[7] Dkt. Nos. 13 & 15.
[8] Dkt. Nos. 20 & 21.
[9] 29 U.S.C. 216(b).
[10] Lachappelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975).

Although the Fifth Circuit has refrained from endorsing a specific approach to collective-action certification,[11] the majority of courts apply a two-stage certification process set forth in *Lusardi v. Xerox Corp*.[12] Under the *Lusardi* approach, certification proceeds by two stages: the "notice stage" followed by the "decertification stage." At the notice stage, the Court normally makes an initial determination, based on the pleadings and any accompanying affidavits, of whether to conditionally certify the class and issue notice to potential class members.[13] If the Court decides to so certify and authorize notice, the action proceeds as a representative action.[14] The decertification stage usually commences once the opt-in period has expired, discovery has been largely completed, and the defendant has filed a motion to de-certify.[15] During this stage, the Court uses the larger amount of information available to conduct a fact-intensive determination of whether the claimants are similarly situated; the action thereafter proceeds accordingly.

As this action is currently at the notice stage, the Court's broad discretion is subject only to two general limitations. First, the Court must give special regard to judicial neutrality, avoiding the appearance of partiality regarding the merits of the case.[16] Second, the Court's authority does not extend to prohibiting entirely the issuance of notice.[17] Ultimately, the Court's determination centers on whether a factual nexus exists between the proposed members of the class such that the grouping of their claims promotes judicial efficiency.[18]

---

[11] Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995) (overruled on other grounds); *see also*, Roussell v. Brinker Int'l, Inc., 441 F. App'x 222, 226 (5th Cir. 2011), *and* Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, n. 2 (5th Cir. 2008).
[12] *Id*. at 1214 (citing *Lusardi v. Xerox Corp*., 118 F.R.D. 351 (D.N.J. 1987)).
[13] *Id*.
[14] *Id*.
[15] *Id*.
[16] Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173-74 (1989).
[17] *Id*.
[18] Flowers v. MGTI, LLC, CIV.A. H-11-1235, 2012 WL 1941755 (S.D. Tex. May 29, 2012) (quoting McKnight v. D. Houston, Inc., 756 F.Supp.2d 794, 801 (S.D. Tex. 2010)).

Here, the Court finds that the proposed notice encompasses putative class members between whom such a factual nexus exists. In this regard, the agreement between the parties weighs heavily on the Court's determination, and dramatically minimizes the need for substantive involvement by the Court at this point in the action, as there is no dispute between the parties that requires the Court's adjudication.

### III.  Motion for Equitable Tolling

As explained above, under the FLSA, plaintiffs are not bound to the results of the litigation until they have affirmatively opted into the collective action.[19] Consistent with this statutory framework, the statute of limitations runs as to each potential opt-in plaintiff until written consent is filed with the Court; for limitations purposes, post-complaint consent filings by opt-in plaintiffs do not relate back to the original complaint.[20]

In his motion, Schidler requests that the Court equitably toll the statute of limitations from the date the parties filed the agreed notice of conditional certification.[21] "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[22] Although the Fifth Circuit has held that the doctrine of equitable tolling should generally be applied sparingly, it has nonetheless consistently allowed the doctrine's application where a plaintiff has acted diligently and the delay concerns extraordinary circumstances.[23]

---

[19] *See* 29 U.S.C. § 216(b).
[20] *See* 29 U.S.C. §§ 256 (establishing commencement date for purposes of FLSA) & 255(a) (determining statute of limitations by commencement date)
[21] Dkt. No. 20.
[22] United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (internal citation and quotations omitted).
[23] *See* Caldwell v. Dretke, 429 F.3d 521, 530 n. 23 (5th Cir. 2005) ('Equitable tolling will not be granted if an applicant failed to diligently pursue his rights."); *see also* Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (noting that equitable tolling only applies in "rare and exceptional circumstances") (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

In support of this request, Schidler argues that he has diligently pursued his action.[24] The Court agrees, and ASG does not dispute this point in its response. The record reflects that Schidler filed his original motion for conditional certification less than a month after the initial pretrial conference in this matter.[25] The record further shows that Schidler shortly thereafter filed an agreement with ASG regarding the terms of the notice.[26] At that point, there was no controversy between the parties for the Court to consider. Instead, the only basis for the delay was entirely beyond the control of Schidler; to wit, the Court required more information about the membership of ASG to ensure the propriety of the Court's consideration.

In its response to the motion, ASG argues that equitable tolling is not appropriate in this case. Notably, the response does not assert that Schidler failed to act diligently in seeking to conditionally certify the class. Instead, ASG asserts that the situation does not present the "extraordinary" circumstances which would satisfy the second requirement, and directs the Court's attention to several cases where equitable tolling was denied.[27]

However, the Court is unpersuaded by these cases, which are factually inapposite on several bases. In the first regard, many of the cases involve requests for equitable tolling from the date that the plaintiff filed the complaint.[28] The Court emphasizes that, unlike those cases, Schidler is not requesting equitable tolling from the filing of his complaint,[29] from the filing of his motion to conditionally certify,[30] or even from the filing of notice of the parties' agreement;[31]

---

[24] Dkt. No. 20 at p. 4.
[25] Dkt. No. 10.
[26] Dkt. Nos. 11 & 12.
[27] Dkt. No. 21 at pp. 3.
[28] *See*, *e.g.*, Quintanilla v. A & R Demolition Inc., 2006 WL 1663739 (S.D. Tex. June 13, 2006).
[29] Dkt. No. 1.
[30] Dkt. No. 10.
[31] Dkt. No. 11.

instead, the requested relief would toll the statute of limitations only from the point that the parties filed their *agreed* notice of the agreement regarding conditional certification.[32]

More significantly, the decisions upon which ASG relies involved disputes about the conditional certification.[33] Here, however, there was no dispute between the parties regarding conditional certification; to the contrary, the parties were agreed about the definition of the conditional class, as well as the exact terms of the notice.[34] Indeed, the apparent inability of ASG to provide any factually-similar authority reinforces the Court's conclusion that this situation is "out of the ordinary" and presents the "rare" type of case in which equitable tolling is appropriate. The circumstances before the Court are unique: the parties are agreed to the terms of conditional certification, as well as the attendant notice. Furthermore, the delay was not due to the Court's consideration of the conditional certification, but instead to the need for the Court to ascertain the parties properly before it, a delay entirely unrelated to the certification itself.

Such an extraordinary circumstance, combined with Shidler's undisputed diligence in pursuing his relief, is sufficient to warrant equitable tolling. ASG asserts that equitable tolling is conditioned upon wrongdoing by the opposing party, and that the Court should deny the relief because it has not acted wrongly.[35] While it is true that wrongdoing by the opposing party is the most common justification for equitable tolling, it is not the only justification.[36] As a result, any wrongdoing by ASG is irrelevant to the Court's consideration, and does not enter its analysis. However, the Court notes that ASG's failure to properly clarify its members did result in delay.

---

[32] Dkt. No. 12.

[33] Muhammad v. GBJ, Inc., 2011 WL 863785 (S.D. Tex. 2011) (parties disputed conditional certification); Switzer v. Wachovia Corp., 2012 WL 1231743 at * 1 (S.D Tex. 2012) (same); Quintanilla v. A & R. Demolition, Inc., 2006 WL 1663739 (S.D. Tex. 2006) (same); Hintergerger v. Catholic Health Sys., 08-CV-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) (in which conditional certification was so heavily disputed that it involved the white stag of trial-court filings: the sur-sur-reply).

[34] Dkt. Nos. 11 & 12.

[35] Dkt. No. 21 at pp. 9 & 10.

[36] *See* Quintanilla v. A & R. Demolition, Inc., 2006 WL 1663739 (S.D. Tex. 2006) (describing non-exclusive list of circumstances in which the Fifth Circuit found equitable tolling applicable).

Finally, the parties' agreement to the terms of the conditional certification vitiates any prejudice to ASG from granting the motion. Although ASG asserts in its response that the requested relief would result in prejudice, these assertions are simply not credible.[37] By its agreement, ASG has been on notice of the terms of the conditional certification, as well as the attendant notice to opt-in plaintiffs, since the date the notice was filed with the Court.[38]

Therefore, in the interests of fairness, the Court finds that equitable tolling is appropriate for the period **from May 14, 2012, the date the parties filed the agreed notice of conditional certification, until the date of this order.**

## IV. Conclusion

For the foregoing reasons, the Court **CONDITIONALLY CERTIFIES** the following class as agreed to by the parties: "All individuals currently and formerly employed by Alarm Security Group, LLC (ASG) whose primary duties include(d) the installation and/or maintenance and/or service of ASG's fire suppression systems and who were paid on a commission and/or service bonus basis at any time from January 6, 2009 through the present." Accordingly, the Court **APPROVES** the agreed notice to potential opt-in plaintiffs.[39]

The Court **ORDERS** ASG to provide Shidler's counsel in electronic, computer-readable format, within twenty (20) days of this order the last known names, addresses and telephone numbers of all individuals currently and formerly employed by Alarm Security Group, LLC (ASG) whose primary duties include(d) the installation and/or maintenance and/or service of ASG's fire suppression systems and who were paid on a commission and/or service bonus basis at any time from January 6, 2009 through the present. ASG shall file a notice with the Court certifying the date this information was delivered to Shidler's counsel.

---

[37] Dkt. No. 21 at ¶ 10.
[38] *See* Yahraes v. Rest. Associates Events Corp., 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011).
[39] Dkt. No. 12, Attach. 1.

The Court **ORDERS** that, within ten (10) days of receipt of this contact information from ASG, Shidler's counsel shall mail to each of the identified individuals: (1) a true and correct copy of the court-approved notice; (2) a true and correct copy of the notice of consent to join a collective action form; and (3) a postage-paid envelope addressed to Shidler's counsel so that those individuals wishing to join this collective action may forward the executed notice of consent form for filing with the Court. Before filing any executed notice of consent form with the Court, Shidler's counsel shall redact all personal identifying information in accordance with the Southern District of Texas' General Order 2004-11. Shidler shall file a notice with the Court certifying the date these materials were mailed to the potential opt-in plaintiffs.

The Court **ORDERS** that any individual wishing to join this collective action shall have his or her written notice of consent filed with the Court on or before the sixtieth (60th) day after the date Shidler's counsel certifies to the Court that the notice materials were mailed as ordered above.

IT IS SO ORDERED.

DONE this 21st day of December, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE